**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2482

_____

DAVION ANTHONY LLOYD SINCLAIR,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A043-400-623)
Immigration Judge Alice Song Hartye

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2021
Before: JORDAN, MATEY, and NYGAARD, Circuit Judges

(Opinion filed: July 8, 2021)

_____

OPINION*

_____

PER CURIAM

Davion Anthony Lloyd Sinclair is a Jamaican citizen who was admitted to the

United States as a lawful permanent resident in 1992. In 2019, he was convicted in the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court of Common Pleas of Lawrence County of receiving stolen property in violation of 18 Pa. Cons. Stat. § 3925(a) and possession of an altered firearm in violation of 18 Pa. Cons. Stat. § 6110.2(a). In light of these convictions, the Government charged him with removability under, inter alia, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony theft offense, and 8 U.S.C. § 1227(a)(2)(C), as an alien convicted of a firearm offense. Sinclair applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), claiming that he would be subjected to persecution and torture in Jamaica based on his sexual orientation (bisexual). Following a hearing, the Immigration Judge (IJ) sustained the removability charges and denied all three applications for relief.

Sinclair filed a notice of appeal with the Board of Immigration Appeals (BIA), asserting that the IJ had not sufficiently considered the country conditions evidence. Sinclair was given until May 28, 2020, to submit a brief or request an extension of time to do so. Sinclair filed an extension request on that date, but the BIA denied the request because it did not include proof of service.

Upon review of the IJ's decision, the BIA determined that Sinclair had not challenged his removability and deemed any such challenge waived. The BIA then affirmed the IJ's denial of Sinclair's applications for asylum, withholding of removal, and protection under the CAT. Accordingly, the BIA dismissed the appeal. Sinclair timely filed a petition for review.

Sinclair's primary argument is that the agency erred in deeming him removable based on his Lawrence County convictions because he is currently challenging the validity of those convictions in state court. Sinclair did not, however, raise this claim in his administrative notice of appeal. Therefore, we lack jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012) ("A petitioner's failure to exhaust an issue by presenting it to the BIA deprives us of jurisdiction to consider that issue."); Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009) (the exhaustion requirement is satisfied if the description of an issue in a notice of appeal "sufficiently apprises" the BIA of the basis for the appeal). For this reason, we also lack jurisdiction to consider Sinclair's claim that certain evidence pertaining to his Lawrence County convictions was erroneously admitted at his master calendar hearing.

To the extent that Sinclair challenges the BIA's denial of his request for an extension of time to file his brief, he does not address how the BIA erred by denying relief on the ground that he failed to provide proof of service. Therefore, he has not provided us with any basis to conclude that the BIA abused its discretion in denying his request.

Accordingly, we will deny the petition for review.